**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| GREGORY D. BOLIN, ) | 3:06-CV-00445-PMP (RAM) |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ADAM ENDEL, et al., ) | **OF U.S. MAGISTRATE JUDGE** |
| Defendants. ) | |

This Report and Recommendation is made to the Honorable Philip M. Pro, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Plaintiff's Motion for Partial Summary Judgment/Request for Hearing (Doc. #40). Defendants opposed the motion (Doc. #46) and Plaintiff replied (Doc. #49).

## I. BACKGROUND

Plaintiff asserts he was denied classification committee reviews regarding his administrative segregation status from September 23, 2005 to April 13, 2007 (Doc. #40 at 6). Plaintiff alleges Defendants intentionally, arbitrarily and maliciously deprived Plaintiff of classification reviews in order to keep Plaintiff in administrative segregation indefinitely in retaliation for filing a previous lawsuit against Defendant Endel and others (*Id.* at 6-10).

Plaintiff's First Amended Complaint includes the following causes of action: 1) violation of Plaintiff's First Amendment right of access to the courts and right to petition the government for redress of grievances; 2) civil conspiracy; and 3) violation of Plaintiff's

Fourteenth Amendment rights to Due Process and Equal Protection (Doc. #11 at 4-6). Plaintiff requests general damages, special damages, punitive damages, preliminary and permanent injunctive relief and declaratory relief (Doc. #11 at 9).

## II.  STANDARD FOR SUMMARY JUDGMENT

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The moving party is entitled to summary judgment where, viewing the evidence and the inferences arising therefrom in favor of the nonmovant, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. FED. R. CIV. P. 50(a). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials of the pleadings, but must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. FED. R. CIV. P. 56(c); *Beyene v. Coleman Sec. Serv., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3)

considering that evidence in light of the appropriate standard of proof. *Liberty Lobby*, 477 U.S. at 248. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id.* Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *Id.*

### III. DISCUSSION

Plaintiff moves for partial summary judgment on his third cause of action for violation of Plaintiff's Fourteenth Amendment rights due to Defendants allegedly depriving Plaintiff of classification committee reviews regarding his administrative segregation status (Doc. #40 at 5). Plaintiff asserts Defendant Endel admitted Plaintiff was denied classification committee reviews since September 23, 2005 (*Id.* at 40). Plaintiff further asserts this court, during the March 2, 2007 status conference, intervened and Defendant Endel agreed to schedule Plaintiff for a full classification committee (FCC) review (*Id.* at 4). Subsequently, on April 13, 2007, Plaintiff was released from administrative segregation (*Id.* at 4).

Defendants argue that whether Plaintiff was denied classification committee reviews since September 23, 2005 is a material fact in dispute (Doc. #46 at 4). Furthermore, Defendants argue that Defendant Endel did not admit Plaintiff was denied classification committee reviews since September 23, 2005 and the "so-called 'status conference'" was converted into a settlement conference; therefore, the discussions held therein were made confidential and not to be used by either party in this litigation (*Id.* at 3-4). Defendants also argue that Plaintiff confuses the placement of inmates in a type of housing or the restoration of an inmate's "tier-group" privileges with administrative segregation review, which are not the same (*Id.* at 4). Defendants assert an FCC hearing is held to determine whether an inmate can return to the "CMU" tier and to review other matters pertaining to privileges (*Id.* at 5-6).

3

1    On the other hand, Defendants assert an "ad-seg" or "regular reclassification" review hearing
2    is held to review the status of an inmate's administrative segregation classification (Doc. #46
3    at 17). Defendants assert Plaintiff confusingly believes he was entitled to an FCC hearing in
4    order to seek CMU "tier" privileges; however, Plaintiff has no liberty interest in being
5    designated in a particular tier group (*Id.* at 18). Finally, Defendants assert there are genuine
6    issues of material fact as to whether Plaintiff received regular "ad-seg" hearings (*Id.* at 22).

7    Plaintiff responds that Defendant Endel did, in fact, admit during the March 2, 2007
8    status conference that Plaintiff has been denied classification committee reviews since
9    September 23, 2005 and that the court did not convert the status conference into a settlement
10   conference rendering discussions held confidential (Doc. #49 at 2-3). Plaintiff requests the
11   court listen to the tape of the proceedings and take judicial notice of Defendant Endel's
12   admission (*Id.* at 4). Plaintiff further responds that Defendants do not dispute denying him
13   classification reviews since September 23, 2005, but, instead Defendants take the position
14   that Plaintiff was not entitled to reviews as a matter of right (*Id.* at 5). Plaintiff asserts
15   Defendants admit denying Plaintiff classification committee reviews and offer fabricated
16   excuses for the denial, such as Plaintiff being uncooperative at the September 23, 2005 review
17   (*Id.*). Plaintiff alleges he was denied reviews of his administrative segregation confinement
18   for nineteen (19) months for the purpose of punishing him for filing a previous lawsuit, while
19   similarly situated inmates received their periodic reviews (*Id.* at 8-9). Finally, Plaintiff alleges
20   his administrative segregation without the required periodic reviews amounted to an atypical
21   and significant hardship implicating a liberty interest and that he has clearly demonstrated
22   he was, in fact, kept in administrative segregation without periodic reviews of his status;
23   therefore, the court must grant the instant motion as a matter of law (*Id.* at 10-11).

24   ///
25   ///
26   ///
27   ///
28

4

**1.    March 2, 2007 Hearing**

The court reviewed the tape of the March 2, 2007 hearing. At that hearing, the court began the conference by expressly stating: "Let me preface this conference by saying this is, in essence, a settlement conference and nothing that's said here today can be repeated and be utilized in this case in any other manner." Furthermore, at no time did Defendant Endel admit liability.

The purpose of the settlement conference was to get Plaintiff an FCC hearing in order to possibly get Plaintiff back on a tier. The court noted that, before Plaintiff could be put on a tier, he must go before an FCC and explain his enemy separatee issues. If Plaintiff explained his separatee issues to Defendants' satisfaction and was put back on a tier, Plaintiff's claims would be resolved from the date of the hearing forward. The issue surrounding Plaintiff's failure to receive an FCC hearing appeared to be his alleged refusal to discuss the enemy separatee status of two inmates in Plaintiff's file and his refusal to discuss his issues regarding other inmates that resulted in fights and Plaintiff's removal from the tiers. While Plaintiff disputed being uncooperative, the court clarified that the purpose of the conference was to help Plaintiff out "from this point forward" and that Plaintiff was still entitled to pursue his claims based on actions that took place prior to the date of the hearing.

Plaintiff and Defendants agreed to conduct an FCC hearing to review Plaintiff's administrative segregation status and Plaintiff agreed to withdraw his motion for preliminary injunction without prejudice pending the result of that FCC hearing.

**2.    "Classification Committee" Reviews**

Under the Nevada Department of Corrections Administrative Regulations, a "classification committee should review inmates in AS [administrative segregation] every seven days for the first 60 days in AS, and every 30 says thereafter." AR 507.01(5). Additionally, "at least three staff members should attend all AS classification meetings." AR 507.01(6). AR 507.02(1) provides "[r]etention in AS may continue for as long as the conditions on which the assignment is based persist." Furthermore, "[i]nmates may request

1 a classification meeting prior to the next scheduled review if they can present a change in a case factor that would affect the decision to retain the inmate in AS." AR 507.02(3).

"Full Classification Committee" (FCC) is defined as "[a] classification hearing chaired by the Warden or Associate Warden/designee, with at least two other staff to review significant cases." The definition points to three regulations – AR 446, 506 and 509. AR 446 deals with Security Threat Groups, AR 506 concerns the Reclassification Schedule and AR 509 concerns Protective Segregation. AR 507 is not referred to under the definition.

AR 507 simply requires a classification committee review of three members; it does not specify the three particular staff members that must attend. While Plaintiff contends Defendants deprived Plaintiff of "classification committee reviews", Defendants contend Plaintiff refused regular "ad-seg" reviews from April 11, 2005 through December 20, 2006 (Doc. #46 at 7). The record indicates Plaintiff received "regular 'ad-seg' reviews" during the period in question (*Id.* at 7-10). At most of those reviews Plaintiff declined to appear and at a few Plaintiff was informed he would need to discuss "separatee issues" before being considered for cross-over/tier privileges (*Id.*). The record then indicates Plaintiff repeatedly refused to discuss "separatee issues"; therefore, no further FCC hearings were scheduled (*Id.*). Defendants contend prison officials believed the FCC hearings were futile until Plaintiff signaled a break in the impasse (*Id.* at 21).

Under these facts, Plaintiff has not shown he was entitled to an FCC hearing every thirty (30) days rather than a regular "ad-seg" hearing. However, there are genuine issues of material fact precluding summary judgment on the issue of whether Defendants properly reviewed Plaintiff's AS status as mandated in AR 507.01(5) or denied Plaintiff proper classification committee reviews. In the event Defendants improperly denied Plaintiff proper classification committee reviews, there are also genuine issues of material fact as to whether Defendants denied such reviews in retaliation for Plaintiff filing a previous lawsuit.

///
///

6

## IV.  CONCLUSION

Because there are genuine issues of material fact as to whether Plaintiff was denied classification committee reviews as required pursuant to AR 507.01(5), Plaintiff's Motion for Partial Summary Judgment/Request for Hearing should be **DENIED**.

### RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's Motion for Partial Summary Judgment/Request for Hearing (Doc. #40).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED:  December 21, 2007.

_____
UNITED STATES MAGISTRATE JUDGE